UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| JEROME L. GRIMES, et al., | Case No. 2:25-cv-08211-HDV-JDE |
| Plaintiff, | |
| v. | ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED UNDER 28 U.S.C. § 1915(g) |
| INGLEWOOD MEMORIAL CEMETERY, et al., | |
| Defendants. | |

On August 20, 2025, the Court received from Jerome L. Grimes ("Plaintiff"), a detainee at Larry D. Smith Correctional Facility, located in Banning, California, proceeding pro se and seeking leave to proceed in forma paupers ("IFP") (Dkt. 2), a civil complaint, purportedly on his own behalf and on behalf of three persons, that appears to assert several claims against several defendants, the precise nature of which are unclear. Dkt. 1 ("Complaint").

In the Complaint, Plaintiff refers to a previous lawsuit in the United States District Court for the Northern District of California ("NDCA) against Nathanial Johnson. Id. at 11 (CM/ECF pagination). A review of the NDCA electronic docket reveals a case, Jerome L. Grimes v. Rolando Yip and Nathanial "Nathan" Johnson, Case No. 3:12-cv-03689-JSW ("NDCA Action"), filed on December 18, 2012, and dismissed on January 9, 2013. The

Order of Dismissal in that case reflects that it was dismissed, along with eleven (11) other cases filed by Plaintiff, under the "three-strikes" provision of 28 U.S.C. § 1915(g), because Plaintiff had previously been advised he was ineligible to proceed IFP in federal court in civil actions while incarcerated, noting that since Plaintiff had first been advised of that ineligibility, "Plaintiff has continued to file hundreds of civil rights actions seeking [IFP] status," with each of those actions having been dismissed without prejudice to Plaintiff re-filing upon payment of the applicable filing fee. NDCA Action, Dkt. 3 ("Prior NDCA Three Strikes Order") at 1-2. <u>The Clerk is directed to attach a copy of the Prior NDCA Three Strikes Order to his Order</u>.

Under 28 U.S.C. § 1915(g), a "prisoner," defined under § 1915(h) to include pretrial detainees, is prohibited from "bring[ing] a civil action or appeal" IFP if the prisoner:

> has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action . . . in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Section 1915(g) "is commonly known as the 'three strikes' provision. "'Strikes' are prior cases or appeals, brought while the plaintiff was a prisoner, which were dismissed 'on the ground that[they were] frivolous, malicious, or fail[] to state a claim . . . ." <u>Andrews v. King</u>, 398 F.3d 1113, 1116 n.1 (9th Cir. 2005) (as amended) (first two alterations in original).

Section 1915(g) provides a narrow exception permitting a prisoner who has had three prior "strikes" but who is in "imminent danger of serious physical injury" to proceed despite the strikes. 28 U.S.C. § 1915(g); <u>see also</u> <u>Lopez v. Smith</u>, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc). "Imminent danger of serious physical injury must be a real, present threat, not merely speculative or

2

hypothetical." Blackman v. Mjening, 2016 WL 5815905, at *1 (E.D. Cal. Oct. 4, 2016). A plaintiff must make "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury." Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir. 2003). "[V]ague and utterly conclusory assertions" of imminent danger are insufficient. White v. Colorado, 157 F.3d 1226, 1231–32 (10th Cir. 1998); see also Martin, 319 F.3d at 1050 ("conclusory assertions" are "insufficient to invoke the exception to §1915(g)"). The "imminent danger" exception is available "for genuine emergencies," where "time is pressing" and "a threat . . . is real and proximate." Lewis v. Sullivan, 279 F.3d 526, 531 (7th Cir. 2002).

Courts may raise Section 1915(g) sua sponte. See Andrews, 398 F.3d at 1120; see also Strope v. Cummings, 653 F.3d 1271, 1273 (10th Cir. 2011) (courts "may raise the issue of strikes sua sponte"); Fabricant v. Harbison, 2021 WL 5921470, at *2 (C.D. Cal. Sept. 1, 2021) ("Courts may raise § 1915(g) sua sponte."), accepted by 2022 WL 103187 (C.D. Cal. Jan. 11, 2022). Once the court notifies a plaintiff that his case may be subject to dismissal under Section 1915(g), the plaintiff bears the ultimate burden of persuading the court that Section 1915(g) does not apply. Andrews, 398 F.3d at 1120. "A dismissal under Section 1915(g) is without prejudice to a plaintiff refiling his civil rights complaint after prepayment of the full filing fee." Hernandez v. Ventura Cty., 2010 WL 5313476, at *2 (C.D. Cal. Nov. 16, 2010) adopted by 2010 WL 5315438 (C.D. Cal. Dec. 15, 2010).

Here, the docket of the NDCA, of which this Court takes judicial notice, including those cases referenced in the Prior NDCA Three Strikes Order, appears to reflect at least three prior civil actions or appeals filed by Plaintiff while incarcerated that resulted in dismissal for being frivolous, malicious, or failing to state a claim upon which relief may be granted.

As it appears that Plaintiff, a "prisoner," has had at least three prior civil actions he commenced as a prisoner dismissed as frivolous, malicious, or for failing to state a claim upon which relief may be granted, it appears this action is subject to dismissal under 28 U.S.C. § 1915(g). Further, the Complaint does not appear to allege that Plaintiff is under imminent danger of serious physical injury due to the allegations in the Complaint.

Accordingly, Plaintiff is ORDERED TO SHOW CAUSE in writing why this action should not be dismissed on the grounds that he has suffered three or more "strikes" within the meaning of 28 U.S.C. § 1915(g) and has not plausibly alleged that he is under imminent danger of serious physical injury. **Within twenty-one (21) days of this Order,** Plaintiff shall file a written response setting forth any and all legal and/or factual bases why this action should not be dismissed under 28 U.S.C. § 1915(g). In the alternative, Plaintiff may avoid dismissal by paying the full filing fee within this deadline.

The Court warns Plaintiff that failure to timely respond as directed in this Order may result in the dismissal of this action for the foregoing reasons and for failure to prosecute and failure to comply with a court order.

Dated: September 26, 2025

JOHN D. EARLY
United States Magistrate Judge