UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| JEROME L. GRIMES, et al., | Case No. 2:25-cv-08211-HDV-JDE |
| Plaintiff, | |
| v. | ORDER DISMISSING ACTION PURSUANT TO 28 U.S.C. § 1915(g) |
| INGLEWOOD MEMORIAL CEMETERY, et al., | |
| Defendants. | |

On August 20, 2025, Jerome L. Grimes ("Plaintiff"), a detainee at Larry D. Smith Correctional Facility in Banning, California, proceeding pro se and seeking leave to proceed in forma paupers ("IFP") (Dkt. 2), filed a civil complaint in the United States District Court for the Northern District of California ("NDCA") on his own behalf and on behalf of three deceased persons, asserting claims against several defendants. Dkt. 1 ("Complaint"). The NDCA transferred the action to this District. Dkt. 6.

In the Complaint, Plaintiff refers to a previous lawsuit in the NDCA against Nathanial Johnson. Complaint at 11 (CM/ECF pagination). A review of the NDCA electronic docket reveals a case, <u>Jerome L. Grimes v. Rolando Yip and Nathanial "Nathan" Johnson</u>, Case No. 3:12-cv-03689-JSW ("NDCA Action"), filed on December 18, 2012, and dismissed on January 9, 2013. The

Order of Dismissal in that case reflects that it was dismissed, along with eleven other cases filed by Plaintiff under the "three-strikes" provision of 28 U.S.C. § 1915(g) because he had been advised he was ineligible to proceed IFP while incarcerated, noting that since he had first been advised of that ineligibility, "Plaintiff has continued to file hundreds of civil rights actions seeking [IFP] status," with each of those actions having been dismissed without prejudice to Plaintiff re-filing upon payment of the applicable filing fee. NDCA Action, Dkt. 3 ("Prior NDCA Three Strikes Order") at 1-2.

On September 26, 2025, the magistrate judge issued an Order referencing the Prior NDCA Three Strikes Order, noting the law governing 28 U.S.C. § 1915(g), noting that it appeared Plaintiff had suffered three prior strikes and was not under imminent danger of serious physical injury, and ordering him to show cause in writing why the action should not be dismissed under Section 1915(g) or pay the full filing fee within 21 days. Dkt. 10 ("OSC"). Plaintiff did not file a timely response to the OSC or pay the filing fee.

Under 28 U.S.C. § 1915(g), a "prisoner," defined under § 1915(h) to include pretrial detainees, is prohibited from "bring[ing] a civil action or appeal" IFP if the prisoner:

> has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action . . . in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Section 1915(g) "is commonly known as the 'three strikes' provision. "'Strikes' are prior cases or appeals, brought while the plaintiff was a prisoner, which were dismissed 'on the ground that[they were] frivolous, malicious, or fail[] to state a claim . . . ." Andrews v. King, 398 F.3d 1113, 1116 n.1 (9th Cir. 2005) (as amended) (first two alterations in original).

Section 1915(g) provides a narrow exception permitting a prisoner who has had three prior "strikes" but who is in "imminent danger of serious physical injury" to proceed despite the strikes. 28 U.S.C. § 1915(g); see also Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc). "Imminent danger of serious physical injury must be a real, present threat, not merely speculative or hypothetical." Blackman v. Mjening, 2016 WL 5815905, at *1 (E.D. Cal. Oct. 4, 2016). A plaintiff must make "specific fact allegations of ongoing serious physical injury, or a pattern of misconduct evidencing the likelihood of imminent serious physical injury." Martin v. Shelton, 319 F.3d 1048, 1050 (8th Cir. 2003). "[V]ague and utterly conclusory assertions" of imminent danger are insufficient. White v. Colorado, 157 F.3d 1226, 1231–32 (10th Cir. 1998); see also Martin, 319 F.3d at 1050 ("conclusory assertions" are "insufficient to invoke the exception to §1915(g)"). The "imminent danger" exception is available "for genuine emergencies," where "time is pressing" and "a threat . . . is real and proximate." Lewis v. Sullivan, 279 F.3d 526, 531 (7th Cir. 2002).

Courts may raise Section 1915(g) sua sponte. See Andrews, 398 F.3d at 1120; see also Strope v. Cummings, 653 F.3d 1271, 1273 (10th Cir. 2011) (courts "may raise the issue of strikes sua sponte"); Fabricant v. Harbison, 2021 WL 5921470, at *2 (C.D. Cal. Sept. 1, 2021) ("Courts may raise § 1915(g) sua sponte."), accepted by 2022 WL 103187 (C.D. Cal. Jan. 11, 2022). Once the court notifies a plaintiff that his case may be subject to dismissal under Section 1915(g), the plaintiff bears the ultimate burden of persuading the court that Section 1915(g) does not apply. Andrews, 398 F.3d at 1120. "A dismissal under Section 1915(g) is without prejudice to a plaintiff refiling his civil rights complaint after prepayment of the full filing fee." Hernandez v. Ventura Cty., 2010 WL 5313476, at *2 (C.D. Cal. Nov. 16, 2010) adopted by 2010 WL 5315438 (C.D. Cal. Dec. 15, 2010).

Here, the docket of the NDCA, of which this Court takes judicial notice, including those cases referenced in the Prior NDCA Three Strikes Order, reflects at least three prior civil actions or appeals filed by Plaintiff while incarcerated that resulted in dismissal for being frivolous, malicious, or failing to state a claim upon which relief may be granted.

As Plaintiff, a "prisoner," has had at least three prior civil actions he commenced as a prisoner dismissed as frivolous, malicious, or for failing to state a claim upon which relief may be granted, this action is subject to dismissal under 28 U.S.C. § 1915(g). Further, the Complaint does not allege that Plaintiff is under imminent danger of serious physical injury due to the allegations in the Complaint. The OSC, issued on September 26, 2025, provided Plaintiff an opportunity to be heard on the foregoing or to pay the full filing fee within 21 days, but Plaintiff neither responded to the OSC nor paid the filing fee with the time permitted. This action must be dismissed under 28 U.S.C. § 1915(g).

Accordingly, IT IS HEREBY ORDERED THAT:

1. The IFP Request (Dkt. 2) is DENIED;
2. Plaintiff's Complaint is DISMISSED without prejudice to refiling after prepayment of the full filing fee; and
3. Judgment shall be entered accordingly.

Dated: _11/5/25_____    _____
HERNÁN D. VERA
United States District Judge